IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| SUSAN MARDIS § | |
| § | |
| V. § | MISCELLANEOUS NO. G-10-mc-7037 |
| § | (Lead Case No. G-10-cv-450) |
| FIDELITY NATIONAL PROPERTY and § | |
| CASUALTY INSURANCE COMPANY § | |

## OPINION AND ORDER

  Before the Court is the Motion for Summary Judgment of Defendant, Fidelity National Property and Casualty Insurance Company (Fidelity); the Motion seeks the dismissal of the Amended Complaint of Plaintiff, Susan Mardis. On August 26, 2013, counsel for Mardis informed the Court that he "will not be filing a response by request of the client." Of course, even if the nonmovant fails to respond to a motion for summary judgment, a court may not grant a default summary judgment for that reason alone; however, the Court may accept the movant's evidence as undisputed, Eversley v. MBank of Dallas, 843 F.2d 172, 174 (5th Cir. 1988), and then determine whether that undisputed evidence establishes a *prima facie* showing of movant's entitlement to summary judgment. C.F. Dahlberg & Co. v. Chevron USA, Inc., 836 F.2d 915, 919 (5th Cir. 1988)  Applying that test, the Court now issues this brief Opinion and Order.

  The relevant facts are few. Mardis' property was insured against flood loss under an SFIP issued by Fidelity when it sustained flood damage during Hurricane Ike on September 12, 2008. After adjusting Mardis' claim, Fidelity paid her a total of $132,609.13 for building damage and $50,000.00 for damage to contents. On August 4, 2010, Mardis filed suit against Fidelity for additional insurance benefits. Unfortunately, Mardis never submitted an additional Proof of Loss

for any benefits over and above those included in the "agreed upon" Proof of Loss executed by Mardis on February 5, 2010.

It is beyond doubt that a lawsuit for additional insurance benefits under an SFIP policy cannot be legitimately pursued unless the insured strictly complies with all of the policy's requirements, including the submission of a Proof of Loss for any further benefits.  Marseilles Homeowners Condominiums v. Fidelity National Insurance Company, 542 F.3d 1053, 1056 (5th Cir. 2008)    Mardis concedes that she did not submit such a Proof of Loss.  The failure to have done so is fatal to her claim.  Gowland v. Aetna, 143 F.3d 951, 953 (5th Cir. 1998)

It is, therefore, **ORDERED** that the Motion for Summary Judgment (Instrument no. 8) of Defendant, Fidelity National Property and Casualty Insurance Company, is **GRANTED** and the Amended Complaint of Plaintiff, Susan Mardis, is **DISMISSED in its entirety**.

**DONE** at Galveston, Texas, this ____27th_____ day of August, 2013.

_____
John R. Froeschner
United States Magistrate Judge